UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. RANKIN,

    Plaintiff,                                    Hon. Paul L. Maloney

v.                                             Case No. 1:21-cv-538

COUNTY OF BERRIEN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motions to Dismiss. (ECF No. 15). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter terminated.

## BACKGROUND

Plaintiff, proceeding pro se, initiated this action on June 24, 2021, against Berrien County. (ECF No. 1). In his complaint, Plaintiff alleges that he experienced difficulty obtaining benefits from the United States Veterans Administration due to the incompetence of a Berrien County Veterans Service Office representative. According to Plaintiff, his inability to obtain veteran's benefits resulted in the foreclosure and loss of his home. Plaintiff is suing Berrien County seeking the return of his home and $10 million dollars in damages. Defendant now moves to dismiss Plaintiff's complaint.

Plaintiff has failed to respond to Defendant's motion despite having had more than eight months to do so.

## ANALYSIS

### I.     Res Judicata

This is the second lawsuit in which Plaintiff has asserted that he lost his house due to the alleged incompetence of a representative of the Berrien County Veterans Service Office. On February 4, 2021, Plaintiff initiated a lawsuit against Berrien County in which he advanced the same allegations asserted herein. *Rankin v. Berrien County*, 1:21-cv-119 (W.D. Mich.). Plaintiff's complaint was dismissed for failure to state a claim on which relief may be granted. *Id.* at ECF No. 8, 11-12. Defendant now moves for relief on the ground that Plaintiff's current action is barred by res judicata and collateral estoppel.

The doctrine of res judicata, also known as claim preclusion, provides that "a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). To apply res judicata, four elements must be satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane*, 71 F.3d at 560 (citation omitted).

Collateral estoppel "bars subsequent relitigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit." *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589 (6th Cir. 2009). To apply collateral estoppel four elements must be satisfied: (1) the precise issue must have been raised and litigated in the prior action; (2) the determination of the issue must have been necessary to the outcome of the prior action; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Id.* at 589-90.

In sum, to the extent Plaintiff now seeks to assert new or different claims than were presented in the previous action, such are barred by res judicata as all four of the above elements are satisfied. Likewise, to the extent Plaintiff seeks to relitigate a claim or issue asserted in the previous action, such is barred by collateral estoppel as all four of the above elements are satisfied. Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted.

## II.   Failure to State a Claim

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true,

however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The burden to obtain relief under Rule 12(b)(6), however, rests with the defendant. *See, e.g., DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." A motion to dismiss "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Ibid.*

Plaintiff has failed to state a viable cause of action against Berrien County. While "municipalities and other local governmental bodies" are considered "persons" under § 1983, such entities cannot be held liable solely because they employ a tortfeasor. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). To impose liability on Berrien County, Plaintiff must demonstrate that he suffered a constitutional injury as a result of "official municipal policy." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Official municipal policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

Plaintiff has failed to identify any official Berrien County policy that caused his alleged injuries. Plaintiff has likewise failed to allege facts from which a reasonable juror could infer the existence of any such policy. Accordingly, the undersigned concludes in the alternative, that Plaintiff's claim against Berrien County must be dismissed for failure to state a claim.

# **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motions to Dismiss (ECF No. 15) be granted and this matter terminated. For the same reasons underlying this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 13, 2022

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge